UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Wondell Timmons, Jr, ) | Civil Action No.: 4:23-cv-03865-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Charles Edward Floyd, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court for consideration of Plaintiff Wondell Timmons, Jr.'s objections to the Report and Recommendation ("R & R") of the United States Magistrate Judge Kaymani D. West. *See* ECF Nos. 12 & 15. The Magistrate Judge recommends summarily dismissing Plaintiff's complaint for lack of subject matter jurisdiction without prejudice to his right to bring these claims in an appropriate jurisdiction.[1] *See* ECF No. 12.

## **Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Court is mindful of its duty to liberally construe Plaintiff's pro se filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing "[a] document filed *pro se* is to be liberally construed" (internal quotation marks omitted)). *But see United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("Although courts must liberally construe the claims of *pro se* litigants, the special judicial solicitude with which a district court should view pro se filings does not transform the court into an advocate." (internal citations, quotation marks, ellipsis, and brackets omitted)).

The Court must engage in a de novo review of every portion of the Magistrate Judge's R & R to which objections have been filed.  *Id.*  However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate Judge's] proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  In the absence of specific objections to the R & R, the Court reviews only for clear error,  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation.  *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

**Discussion**

Plaintiff, proceeding pro se and in forma pauperis under 28 U.S.C. § 1915, filed this action against Defendant Charles Edward Floyd, seeking to recover money damages for injuries he sustained in a motor vehicle collision.  *See* ECF No. 1.  The Magistrate Judge issued an R & R, which recommends summarily dismissing the action for lack of subject matter jurisdiction.  *See* ECF No. 12.  The Magistrate Judge noted Plaintiff and Defendant are both citizens of South Carolina and Plaintiff has not alleged a claim arising under the Constitution or federal statutes.  *See id.* at pp. 2–3.  Plaintiff filed objections to the R & R requesting $10,000,000, arguing this case should proceed, and noting he submitted documentation with his complaint pertaining to an attorney agreement[2] and his bills associated with the accident.  ECF No. 15.  However, Plaintiffs objections did not address the Magistrate Judge's conclusion that Plaintiff has not shown that the Court has diversity jurisdiction over his claims or the Magistrate Judge's conclusion that his claims do not

---

[2] While it appears as if Plaintiff was represented by an attorney in relation to the motor vehicle collision at some point, Plaintiff filed the current action pro se, and there is no indication Plaintiff is represented in this action.  *See* ECF No. 1-1 at p. 11.

2

arise under the Constitution or federal statutes. Furthermore, Plaintiff does not point to any facts to establish subject matter jurisdiction.[3] *See id. See Diamond & Camby*, *supra* (recognizing a district court can adopt an unobjected-to recommendation without explanation where there is no clear error). Nevertheless, the Court has conducted a de novo review of the R & R and agrees with the Magistrate Judge's findings that this Court lacks subject matter jurisdiction over Plaintiff's claims. *See Athena Auto. Inc., v. DiGregorio*, 166 F.3d 288, 290 (4th Cir. 1999) (noting courts have consistently held that § 1332 "require[s] complete diversity such that the state of citizenship of each plaintiff must be different from that of each defendant."); *see also Gamble v. Williamsburg Cnty Sch. Dist.*, No. 4:07-cv-3414-RBH, 2008 WL 207813128 (D.S.C. May 15, 2008) ("Federal question jurisdiction arises from 28 U.S.C. § 1331, which provides 'district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.'" (quoting 28 U.S.C. § 1331)).

## Conclusion

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's R & R [ECF No. 12] and **DISMISSES** Plaintiff's complaint *without prejudice* to his right to bring these claims in an appropriate jurisdiction and without issuance and service of process.

**IT IS SO ORDERED.**

Florence, South Carolina                    s/ R. Bryan Harwell
August 18, 2023                              R. Bryan Harwell
                                             Chief United States District Judge

---

[3] Plaintiff complains about injuries sustained in an automobile collision. *See* ECF No. 1. Thus, Plaintiff appears to assert a state law claim for personal injury.

3